IRVING, J.,
Concurring In Part, Dissenting In Part:
¶ 20. The majority, citing Rule 60(b) of Mississippi Rules of Civil Procedure,[1] concludes that the chancellor did not err in setting aside the default judgment previously granted to Ricky Caldwell. The concurring opinion concludes that the trial court and the majority’s reliance on Rule 60(b) is misplaced; however, the concurring opinion believes Rule 54 provides a sufficient basis for upholding the decision of the chancellor to set aside the default judgment.[2]
¶ 21. On the facts of this case, I do not believe that either Rule 60(b) or Rule 54 provides a basis for affirming the chancellor on the matter of the default judgment. My disagreement with the two opinions stems from the fact that (a) the divorce was granted on the ground of irreconcilable differences, (b) the matter of the de *665 fault judgment had been resolved and concluded prior to the parties’ consenting to the divorce on the ground of irreconcilable differences and even if it had not been so concluded, the parties did not submit reconsideration of the default judgment as an issue to be resolved by the chancellor, and (c) the parties did not comply with the statutory requirements which are a prerequisite to the chancellor’s authority to consider the divorce as well as any attendant issues. Accordingly, I respectfully dissent from this portion of the majority’s opinion.
¶ 22. As noted by the majority, on September 15, 1994, Elizabeth Caldwell filed for divorce from Ricky. As the basis for the divorce, she alleged habitual cruel and inhuman treatment and adultery. Ricky filed a cross-claim for divorce on the same basis.
¶ 23. The trial of this cause commenced on July 31, 1996, and continued through a portion of the next day before being recessed until September 25, 1996. On the morning of September 25, 1996, after the case was called, the chancellor observed that there had been an unsuccessful effort to settle the case. He also noted that he had been provided an agreement entitled “Agreement to Divorce on Irreconcilable Differences.” Paragraph II of the agreement provides:
The parties agree that they are unable to agree on all other aspects of the divorce and herewith voluntarily consent to permit this Court to decide all other aspects of the divorce and the parties further state that they understand that the decision of the Court shall be a binding and lawful judgment.
¶ 24. The chancellor then summed up the agreement as permitting “the Court to decide all other matters that pend between them, whether that be property settlement, alimony, attorney fees, costs, things of that nature.” Upon inquiry from the chancellor, counsel for both parties confirmed the nature of the agreement. The chancellor then asked Elizabeth and Ricky if they signed the agreement and understood it. Both answered in the affirmative.
¶ 25. Mississippi Code Annotated Section 93-5-2(3) (Rev.1994) permits divorces on the ground of irreconcilable differences provided the parties execute a written agreement in which the parties: (1) consent in writing to the divorce on this ground, (2) give permission to the court to decide the issues upon which they cannot agree, (3) enumerate the specific issues to be decided by the court, and (4) acknowledge their understanding that the decision of the court shall be a binding and lawful judgment. Miss.Code Ann. § 93-5-2 (Rev.1994). In cases, as here, where there has been a contest or denial, the contest or denial has to be withdrawn or cancelled, by leave and order of the court, by the party who filed the contest or denial. Miss.Code Ann. § 93-5-2(5) (Rev.1994).
¶26. The agreement executed by the parties in this case does not meet the requirements of the statute. The agreement was defective in that it failed to enumerate the specific issues to be decided by the court. Additionally, the record does not contain a withdrawal or cancellation of the previously filed complaints and denials of the parties, either with or without an order granting leave of the court to do so.
¶ 27. Despite the fact that the parties’ agreement, nor the oral explanation of that agreement, did not list or acknowledge reconsideration of the default judgment as an issue to be decided by the chancellor, on October 29,1996, the chancellor entered a decree wherein he listed reconsideration of the default judgment as an issue to be *666 revisited by him. In this decree the chancellor ordered the following:
The Defendant, Ricky D. Caldwell, shall upon the aforementioned hearing date, produce any and all evidence which he possesses to justify the Default Judgment previously entered in his favor and against the Plaintiff, Elizabeth A. Caldwell, by this Court. A summons shall issue by the Defendant, Ricky D. Caldwell, to Arthur Waymire, the individual who purchased certain items from the Plaintiff, Elizabeth A. Caldwell, to determine how much lumber and other items were sold to him by either or both of the parties, and further, to allow the Court to determine if it shall revisit the Default Judgment entered into previously.
(emphasis added).
¶ 28. On March 27, 1997, Ricky filed a motion in limine seeking to bar Elizabeth from offering any testimony attacking the default judgment. On March 26, 1997, the chancellor entered an order containing, among other things, the following provisions:
A prior Decree of this Court was entered on October 28, 1996, which reserved the right of the Court to review the division of the properties between the parties, and to review the prior Default Judgment entered against the Plaintiff in this cause, as well as all attorney’s fees and other fees of record of both parties.
* * * * * *
This Court will hear any and all testimony of both parties regarding the Default Judgment previously entered by this Court, and directs the Defendant, Ricky D. Caldwell, to comply with Paragraph C of the Decree of this Court dated October 28,1996.
¶ 29. On May 23, 1997, the chancellor issued an opinion and order wherein he stated one of the issues before him as follows: “The Motion to Reconsider the Default Judgment entered by this Court against the Plaintiff on March 28, 1996 in the amount of $12,598.00.” The chancellor then made the following finding regarding this issue:
The Court farther finds that the Default Judgment entered in this cause on March 28, 1996 in the amount of $12,598.00 is hereby set aside and held for naught. The Court finds that there was no credible evidence that the Plaintiff Elizabeth Caldwell, took any of the items in question from the marital property of the parties, that Ricky D. Caldwell is not an expert on the value of numerous of these items, and that one of the witnesses of the Defendant, Ricky D. Caldwell, directly contradicted the testimony of Ricky D. Caldwell as to the value of the items. The Court finds that it would be manifest injustice to allow this Judgment to stand and it is hereby set aside and held for naught.
(emphasis added).
¶ 30. It is not entirely clear whether the chancellor viewed the default judgment as a final judgment when he entered it. However, judging from the language he used in setting it aside, it appears that he likely considered it so.[3] Also, it appears that the parties, as well as the majority, consider the default judgment a final judgment. Since the default judgment was entered during the pendency of the divorce, I do not believe it was final for purposes of Rule 60(b). The judgment *667 grew out of an allegation that Elizabeth had committed waste upon a portion of the marital estate. When the judgment was entered, the chancellor had not made a division of the marital estate. Therefore, it seems to me that he possessed the authority to set the judgment aside if that became necessary in the equitable division of the marital estate.
¶ 31. It is clear that the default judgment did not dispose of all the claims in the divorce action. Sometimes a final judgment may be entered that does not dispose of all the claims. However, such a judgment must be entered in accordance with Rule 54(b) of the Mississippi Rules of Civil Procedure. This rule provides in part:
When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
M.R.C.P. Rule 54(b). No serious argument can be made that this default judgment was a final judgment within the meaning of Rule 54(b).
¶ 32. Even if I were to agree with the majority that the default judgment was a final judgment subject to being set aside pursuant to Rule 60(b), I cannot agree that it was properly set aside. The majority finds the catch-all provision of the rule, subsection six, to be applicable. The findings of the chancellor, as set forth in’ the earlier portion of this dissent, leave no doubt that the chancellor concluded that Ricky had misrepresented the facts to the court or committed outright fraud at the time the default judgment was rendered. Rule 60(b) provides that any motion for relief based on: (1) fraud, misrepresentation, or other misconduct of an adverse party or (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b), must be brought within six months after the judgment is entered. Two points are applicable here. First, the record does not reflect that Elizabeth ever filed a Rule 60(b) motion. Second, the record also reflects that the one motion, a motion to reconsider the default judgment, that Elizabeth did file was filed on April 9, 1996. This motion was disposed of on May 9, 1996. It was brought up for further consideration on June 29, 1996, ,and again rejected. In the motion to reconsider, Elizabeth did not contend that Ricky had committed fraud, misconduct or misrepresented the facts to the court. Rather, her sole contention was that she “did not understand that the hearing was also a hearing on ‘[Ricky’s] motion for citation for contempt.’” The chancellor found that Elizabeth had proper notice of the hearing wherein the judgment was rendered but failed to attend and defend.
¶ 33. While I believe the chancellor initially possessed the authority to cancel or set aside the default judgment, I also believe he lost that authority when the parties agreed to obtain a divorce on the ground of irreconcilable differences because the parties, at that time, did not list reconsideration of the default judgment as one of the issues to be resolved *668 by the chancellor. The matter of the appropriateness of the default judgment had already been decided, but even if the chancellor could revisit his decision in this regard pursuant to Rule 54, as contended in the concurring opinion, he could do so only by the express permission of the parties since the posture of the case had shifted from a contested divorce to an irreconcilable differences divorce.
¶34. As stated, in the parties’ agreement to obtain their divorce on irreconcilable differences, they agreed to allow the chancellor to decide “all other aspects of the divorce.” The phrase “all other aspects of the divorce” is not defined anywhere in the agreement executed by the parties. Of more importance, however, is the fact that the parties did not list reconsideration of the default judgment as an issue to be decided by the chancellor. Given the fact that the matter of the default judgment had been twice considered and its continuing viability twice affirmed, it certainly is not logical to assume that the parties intended to allow further reconsideration of it without specifically saying so in the agreement that allowed the chancellor to resolve all issues which they could not resolve. The oral explanation between the trial court, counsel, and the parties regarding what was meant by the phrase “all other aspects of the divorce” cannot fill the gap resulting from the failure of the parties to comply with the statutory requirements for having property issues resolved by the trial judge in cases where the divorce is obtained on the ground of irreconcilable differences.
¶ 35. Consequently, the chancellor, as a matter of law, did not acquire the authority to either grant the divorce on the ground of irreconcilable differences or revisit the issue of the default judgment. Since Ricky does not challenge, in this appeal, the authority of the chancellor to grant the divorce on the ground of irreconcilable differences, I would not reverse that aspect of the judgment of the trial court, but I would reverse and render that portion of the final judgment which vacates the earlier default judgment. For the reasons presented, I concur in part and dissent in part.
BRIDGES, J., JOINS THIS SEPARATE WRITTEN OPINION.

. Subsection (b) is commonly termed the "catch-all” provision of Rule 60. It allows the trial court, on motion, to set aside a previously granted judgment "for any reason justifying relief from the judgment.”

. Rule 54(b) provides, among other things, that any judgment or order which adjudicates fewer than all the claims in a case may be revised at any time before entry of judgment adjudicating all the claims.

. It should be noted that the chancellor who set the judgment aside was not the same chancellor who granted it.